POLO v. DOMÍNGUEZ, DISTRICT JUDGE.

APPLICATION for a Writ of *Certiorari.*

No. 59.—Decided October 11, 1909.

CERTIORARI—ADEQUATE AND SPEEDY REMEDY.—The extraordinary remedy of *certiorari* should not be resorted to in cases where, through the ordinary remedy of appeal, a speedy and adequate remedy is obtainable.

ID.—INCIDENTAL ERRORS.—It is well settled that *certiorari* will not issue, pending the progress of a suit, for the correction of incidental errors into which the court may, from time to time, fall.

ID.—STRIKING OUT AN AMENDED COMPLAINT—ORDER REFUSING AMENDMENT OF COMPLAINT.—An order refusing amendment of the complaint and sustaining a motion to strike out the proposed amended complaint, cannot be reviewed by means of a writ of *certiorari*, but upon such a ruling the prejudiced party may take an exception and the point reserved for review on an appeal from the final judgment.

ID.—The amendment proposed and excluded should be set out at length in the bill of exceptions, in order that the appellate court may consider the same, as a basis for its decision, whether or not such an amendment is admissible.

ID.—INTERPRETATION OF THE WORD "ELIMINATE."—The words "strike out" or "eliminate" only mean, in this connection, to hold the instrumentas of no effect, and that it is to be disregarded and not used and considered on the trial; but the paper itself should remain in the record for the information of all concerned.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for petitioner.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an application for *certiorari* directed to the Judge of the District Court of Humacao. The petition sets out that in a certain case pending in said court, to secure the completion of a contract, judgment was rendered against the defendant and an appeal was taken to the Supreme Court resulting in a reversal of the judgment and the granting of a new trial, and that upon a new trial in the court below the defendant offered to amend the original answer in said case and that the court refused to allow the amendment, but granted a motion made by the plaintiff to strike out the amended answer. The applicant further alleges, that she has no other adequate or ordinary remedy in order to secure the admission of her amendment, because the order of the court commanding that it be stricken out is not appealable. It is argued that the district judge, in this case, while exercising the discretional power in refusing the amendment and in the order that it be stricken from the record, abused his discretion, and for that reason the procedure is not according to the course of the law and should be corrected on *certiorari*.

Under our statute *certiorari* is defined as:

"A writ issued by a superior to an inferior court requiring the latter to send to the former a certified copy of some proceeding therein pending, or the record and proceedings in some cause already terminated, in cases where procedure is not according to the course of the law, and to complete the proceedings when the lower court refuses to do so upon erroneous grounds." (Session Acts of Porto Rico, 1904, pp. 132 and 133; Spelling on Extraordinary Remedies, par. 1891.)

While under our practice the writ of *certiorari* has sometimes been used with effect in cases where an appeal lies, but in which the remedy is not sufficiently speedy or adequate, as in the case of Laura Núñez decided on March 20, 1908; it has been announced as a general rule that the writ of *certiorari,* being an extraordinary remedy, will not be resorted to in cases where the ordinary remedy of appeal is available to the party and can afford speedy and adequate relief. (Spelling on Extraordinary Remedies, par. 1892; *Méndez* v. *Soto Nussa,* 13 P. R. Rep., 366 and cases there cited.)

It may be regarded as well settled that *certiorari* will not issue, pending the progress of a suit, for the correction of incidental errors into which the court may, from time to time, fall. For example, no one ever thinks of applying for a *certiorari* to correct an error of a district judge in improperly overruling or sustaining a demurrer, or in the admission or exclusion of evidence, and the like.

In this case, it may be that if the defendant is compelled to go to trial without amending her answer, judgment may be pronounced against her, and the propriety of the same may be open to question; but upon such a ruling an exception may be taken and the point reserved for final revision and decision of the court on an appeal from the final judgment if such appeal should become necessary. In reserving such an exception the amendment proposed and excluded should be set out at

length in the bill of exceptions, in order that this court may consider the same, as a basis for its decision, whether or not such an amendment is admissible or otherwise.

In the record presented to us in this case, the amendment, sought to be made and excluded by the trial court, does not appear. But it seems that the clerk of the district court interpreted literally the order of the judge to eliminate it from the record, and hence cut it out. But it must be remembered that the words "strike out" or "eliminate" only mean, in this connection, to hold the instrument as of no effect, and that it is to be disregarded and not used or considered on the trial; but the paper itself should remain in the record for the information of all concerned.

Inasmuch as the petitioner in this case has a speedy and adequate remedy by an ordinary appeal and there is no necessity for a *certiorari,* the same will be refused; and the court below will be permitted to proceed with the trial of the case according to its discretion properly exercised. Under this view of the case it follows that the writ of *certiorari* heretofore issued should be vacated at the cost of the petitioner, and a proper judgment entered herein in accordance with this opinion.

*Application dismissed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras took no part in the decision of this case.